UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTINE O'BRIEN,

            Plaintiff,                                          <u>ORDER</u>

            - against -                                    CV-02-594 (ENV) (MDG)

JO ANNE BARNHART,

Commissioner of Social Security,

            Defendant.
-------------------------------------------------------------------X

**VITALIANO, D.J.**

      Approximately eight years ago, plaintiff Christine O'Brien filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision by defendant, the Commissioner of Social Security, to deny plaintiff's application for disability benefits. On October 31, 2002, Judge Reena Raggi reversed the Commissioner's determination and remanded to the Social Security Administration for further proceedings. On March 23, 2009, after a protracted series of agency hearings and appeals, plaintiff finally received a partially favorable decision from an administrative law judge denying her claims for disability benefits but awarding past-due supplemental security income benefits in the amount of $40,937.

      Out of the past-due Social Security benefits awarded, plaintiff's counsel seeks to recover fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1(A), and the Social Security Act ("SSA"), 42 U.S.C. § 406(b), for services performed prior to Judge Raggi's 2002 remand. On June 9, 2009, the Court referred plaintiff's petitions for attorneys' fees to

1

Magistrate Judge Marilyn D. Go. On March 9, 2010, Magistrate Judge Go issued a Report and Recommendation ("R&R") recommending that plaintiff's request for fees under the EAJA be denied, and that plaintiff's request for fees pursuant to SSA § 406(b) be granted in the amount of $1,342.50, provided that total fees recovered by counsel under § 406(b) (governing fees for representation of Social Security claimants in court) and § 406(a) (governing fees for representation in Social Security administrative proceedings) do not exceed 25 percent of plaintiff's retroactive benefits award, which equals $10,234.25. No objections to the R&R have been timely filed.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Further, to accept an R&R where, as here, no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). After carefully reviewing Magistrate Judge Go's R&R in light of all of the evidence in the record below, the Court finds that there is no clear error on the face of the record. The R&R is comprehensive, well-reasoned, well-founded in applicable law and fair.

Accordingly, plaintiff's motion for attorney's fees pursuant to the EAJA is denied, and plaintiff's motion for attorney's fees pursuant to SSA § 406(b) is granted in the amount of $1,342.50, payable to plaintiff's counsel.

SO ORDERED.

DATED: Brooklyn, New York
April 8, 2010

ERIC N. VITALIANO
United States District Judge

2